UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 03-81486-WRS
                                               Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

      Debtors

SCOTT EMERTON and
KRISTI EMERTON,

      Plaintiffs                           Adv. Pro. No. 04-8003-WRS

  v.

KENNETH WILLIFORD and
CHARLOTTE TERESA WILLIFORD,

      Defendants

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court on Plaintiffs Scott Emerton and Kristi Emerton's Motion for Remand and Abstention. (Doc. 6). In addition, the Emertons have filed a Motion for Relief from the Automatic Stay in the main bankruptcy case. (Case No. 03-81486, Doc. 91).[1] The parties have filed several memoranda. (Docs. 6, 9–Plaintiffs, Docs. 7, 10, 11–Defendants). In addition, several filings have been made with respect to the Motion for Relief from the Automatic Stay which was filed in the main case. (Case No. 03-81486, Docs. 91, 98–Plaintiffs, Doc. 93–Defendant). For the reasons set forth below, the motion to remand is GRANTED and the motion for relief from the automatic stay is GRANTED IN PART AND DENIED IN PART.

---

[1] References to filings in this Adversary Proceeding will be by docket number. References to filings in the main bankruptcy case will be preceded with a reference to the case number in addition to the docket number.

# I. FACTS

In September of 2002, Plaintiffs Scott Emerton and Kristi Emerton obtained a money judgment against Defendants Charlotte Williford and Kenneth Williford in a civil action in the Circuit Court of Chambers County, Alabama, under Case No. CV-00-073. After a jury trial, a judgment awarding compensatory damages in the amount of $8,000 and $350,000 in punitive damages was entered by the Circuit Court of Chambers County. The Willifords appealed that judgment to the Alabama Supreme Court. While their appeal was pending, the Willifords filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code in this Court on October 3, 2003. (Case No. 03-81486, Doc. 1). On March 26, 2004, the Alabama Supreme Court handed down a decision, remanding the civil action to the Circuit Court for further proceedings in accordance with Hammond v. City of Gadsden, 493 So. 2d 1374 (Ala. 1986).[2] On May 7, 2004, Circuit Court for Chambers County entered an order in response to the Supreme Court's March 26 Order.

The civil action was brought by the Emertons for the wrongful repossession of their mobile home. The Willifords complain, inter alia, that the award of punitive damages by the Circuit Court is excessive. On April 14, 2004, the Willifords filed a Notice of Removal in an effort to remove the civil action from the Circuit Court for Chambers County to this Court. The Emertons have moved to remand this matter to State Court. (Doc. 6). In addition, they have

---

[2] Proceedings in the Emertons' civil action were stayed by operation of law at the time the Willifords filed their petition in bankruptcy. 11 U.S.C. § 362(a)(1). Proceedings which have taken place in that civil action since the filing of the bankruptcy petition are void, subject to this Court's modification or annulment of the automatic stay. Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306 (11th Cir. 1982). The Court will address the problem caused by the operation of the automatic stay in Part VI of this Memorandum Decision.

moved for relief from the automatic stay to permit the State Court proceedings to move forward. (Case No. 03-81486, Doc. 91).

## II. ISSUES

The question here is whether the Emertons' claim against the Willifords should be determined in this Court or in State Court. On the one hand, it is generally preferred that litigation against a debtor in bankruptcy be concentrated in the bankruptcy court. Moreover, a claim against a debtor is within the Court's "core" jurisdiction. On the other hand, the civil action in Chambers County has been litigated extensively in State Court, including a jury trial, post-judgment proceedings, an appeal to the Alabama Supreme Court and at least some proceedings on remand. Notions of comity and judicial economy weigh in favor of remand. The Court will discuss the following issues: (1) whether the notice of removal was timely filed; (2) whether these proceedings are subject to mandatory abstention; (3) whether this Court should remand these proceedings under the doctrine of permissive abstention; and (4) what impact does the automatic stay have upon those proceedings which have taken place in State Court since the filing of the petition in bankruptcy.

## III. THE NOTICE OF REMOVAL WAS TIMELY FILED

The Emertons argue that the notice of removal was not timely, citing Rule 9027(a)(2)(A), Fed. R. Bankr. P. That rule provides as follows:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order

3

> terminating a stay, if the claim or cause of action in a civil action
> has been stayed under § 362 of the Code, or (C) 30 days after a
> trustee qualified in a chapter 11 reorganization but not later than
> 180 days after the order for relief.

The Emertons argue that because the notice of removal was not filed within 90 days from the date of the order for relief, the notice was not timely filed. (Doc. 6). To be sure, April 14, 2004, (the date the notice of removal was filed) is more than 90 days after the date of the petition (i.e. the date of the petition is the date of the order for relief in a voluntary bankruptcy filing). However, the civil action in Chambers County was clearly brought before the commencement of the bankruptcy case and therefore was stayed by operation of § 362(a). As no order has been entered granting relief from the automatic stay, the 30-day period of Rule 9027(a)(2)(B) has not yet started to run. As the deadline to file a notice of removal runs from the longest of the time periods described, the running of the Rule 9027(a)(2)(A) time period is not dispositive. As the time period under Rule 9027(a)(2)(B) has not yet started to run, the notice of removal was timely filed.

## IV. MANDATORY ABSTENTION DOES NOT APPLY

While the Emertons have not argued the mandatory abstention doctrine, the Court will nevertheless consider it. Mandatory abstention is set forth in the provisions of Section 1334(c)(2) of Title 28 of the United States Code, which provides as follows:

> Upon timely motion of a party in a proceeding based upon a State
> law claim or State law cause of action, related to a case under title
> 11 but not arising under title 11 or arising in a case under title 11,
> with respect to which an action could not have been commenced in
> a court of the United States absent jurisdiction under this section,

> the district court shall abstain from hearing such proceeding if an
> action is commenced, and can be timely adjudicated, in a State
> forum of appropriate jurisdiction.

The Emertons' claim against the Willifords is a proceeding based upon a State law claim or cause of action. Accordingly, the first prong of the mandatory abstention test is met. However, the claim fails on the second prong because proceedings "arising under title 11 or arising in a case under title 11," are excluded from coverage under the mandatory abstention doctrine. As the Emertons' suit is a claim against debtors who are now in bankruptcy, the claim is one which arises in a case under title 11. <u>S.G. Phillips Constructiors, Inc. V. City of Burlington, Vermont, (In re: S.g. Phillips Constructors, Inc.)</u>, 45 F.3d 702 (2nd Cir. 1995)(claim against a debtor within bankruptcy court's core jurisdiction). To put the matter differently, a matter within a bankruptcy court's "core" jurisdiction is not subject to mandatory abstention pursuant to § 1334(c)(2); <u>see also</u>, 28 U.S.C. § 157(b)(2)(B)(claim against a debtor is a core proceeding).

### V. THIS ADVERSARY PROCEEDING SHOULD BE REMANDED TO STATE COURT UNDER THE DOCTRINE OF PERMISSIVE ABSTENTION

<u>A. General Considerations</u>

The Court will next consider whether this Adversary Proceeding should be remanded to State Court under the doctrine of permissive abstention. Section 1334(c)(1), of Title 28 of the United States Code, provides as follows:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11, or arising in or related to cases under title 11.

The District Court has developed a list of factors it considers when making the determination of whether or not it should abstain from hearing a matter. These factors are as follows: (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasability of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties. The Retirement Systems of Alabama v. Merrill Lynch & Co., 209 F.Supp. 2d 1257, 1267-68 (M.D. Ala. 2002); Hatcher v. Lloyd's of London, 204 B.R. 227, 234 (M.D. Ala. 1997); Gaston v. Contra, 212 B.R. 987, 991-92 (Bankr. M.D. Ala. 1997). The Court will analyze this question in terms of these factors.

B. Effect on Administration of the Estate

The Emertons' claim against the estate is the largest unsecured claim in this bankruptcy case. (Case No. 03-81486, Doc. 18). The compensatory damages awarded at trial are $8,000, while the punitive damage award is $350,000, a multiple of 43.[3] Whether this punitive damage award stands will have a material effect on the administration of the estate. As a general proposition, all claims and litigation against a debtor are usually concentrated in the bankruptcy court. Moreover, a claim against a debtor is squarely within the core of a bankruptcy court's jurisdiction. In most instances, claims against a debtor who has filed bankruptcy are heard in bankruptcy court. This case is unusual in that proceedings which have taken place in State Court have progressed to such an advanced state, although the judgment is not yet final. Assuming that the only step remaining is the review by the Alabama Supreme Court of the punitive damage award, as amplified by the Circuit Court's May 7, 2004 order, the disruption of proceedings in this Court would appear to be minimal. As matters now stand, it would appear that the most prudent course is to permit proceedings in the Alabama State Court system to take their course.

---

[3] The United States Supreme Court has rejected the multiple as a bright line test, however "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 425, 123 S.Ct. 1513, 1524, 155 L.Ed.2d 585 (2003).

### C. Extent to which State Law issues predominate

As the underlying cause of action arose from a wrongful repossession of a mobile home, state law controls the imposition of compensatory damages. However, the Willifords have a Federal due process right claim concerning the imposition of excessive punitive damages. See, State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 425, 123 S.Ct. 1513, 1524, 155 L.Ed.2d 585 (2003).

### D. Difficulty/unsettled law

The law in this area is evolving. The United States Supreme Court recently reversed an award of punitive damages on due process grounds. See, State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 425, 123 S.Ct. 1513, 1524, 155 L.Ed.2d 585 (2003).

### E. The presence of related proceedings

The underlying civil action was commenced in State Court long before this bankruptcy case was filed. Moreover, judgment was entered on a jury verdict and an appeal was filed in the Alabama Supreme Court prior to the filing of this Chapter 11 bankruptcy case. Two strong interests favor remand here. First, comity–the respect shown by a court of one Sovereign for a judgment entered by the court of another Sovereign–weighs heavily in favor of remand. The Alabama Courts have spent considerable time and resources on this civil action. The failure to remand this Adversary Proceeding under these facts would render null the State Court

proceedings which have taken place to date. Second, the interests of judicial economy similarly favor remand. The parties have spent considerable time and resources litigating that matter. It would arguably be unfair to the Emertons to give the Willifords a "do over" in another court at this late stage of the proceedings. Indeed, it appears that the only item on the State Court's "to do" list is for the Alabama Supreme Court to review the Circuit Court's May 7, 2004 Order.[4]

### F. Bankruptcy jurisdiction

The only source of Federal Court jurisdiction here is 28 U.S.C. § 1334. Had the Willifords not filed bankruptcy, there would be no Federal Court jurisdiction. This weighs in favor of remand.

### G. The degree of relatedness

This Adversary Proceeding is closely related to reorganization process. The Emertons have the largest unsecured claim in this bankruptcy case. Whether the punitive damage award stands will have a dramatic impact on how the reorganization of the Chapter 11 bankruptcy case may proceed. A Bankruptcy Court looks at the entire reorganization/liquidation process, while a Circuit Court is necessarily limited to consideration of the parties before it in any given case. In an insolvency situation, a large award made to one creditor is necessarily paid at the expense of

---

[4] There is the possibility that the Supreme Court may vacate the award of punitive damages and remand for a new trial.

other creditors, who may be equally deserving.[5]  If the large punitive damage award stands, and if this award were to cause a reorganization to fail and therefore force a liquidation, the other creditors may claim that they were doubly harmed by the State Court proceedings: first in that the Emertons would be given a greatly enhanced share of the Willifords assets as a result of the punitive damage award and second because the existence of the large punitive damage award may preclude reorganization, leaving the other creditors a diminished share of the liquidation value, rather than the going concern value of the Willifords' business enterprise.  Any consideration of the effect of the State Court proceedings upon the reorganization is necessarily speculative, but the point remains that the outcome in State Court may ultimately be determinative of the reorganization.  The degree of relatedness in this case weighs against remand.

### H.  The substance of the core proceeding

This core proceeding is a claim against the Debtors in a bankruptcy case.  This factor has been taken into account in the discussion in Part V(G) above.

### I.  The feasibility of severing state law claims

This Court is of the view that it is feasible to sever the claim of the Emertons and leave its determination to the Alabama Courts.  Once the judgment has become final and is no longer

---

[5] The Emerton's claim that their punitive damage award may be paid in full without reducing the amount paid other creditors, citing equity in real estate.  The Willifords dispute this claim.  This Court need not resolve this dispute now and this discussion should not be considered an indication as to how this Court may rule is Chapter 11 Plan confirmation proceedings.

subject to further review, this Chapter 11 bankruptcy case may proceed, taking into account the judgment of the Emertons.

### J. The burden on the Bankruptcy Court's docket

It would not be burdensome for this Court to hear this claim. Accordingly, this is not a factor.

### K. Forum shopping

The removal of any civil action from State Court to Federal Court may be called, at some level, forum shopping, as would an effort to oppose removal. The Bankruptcy Court is familiar with these proceedings and does not view the actions of either party as improper forum shopping.

### L. Jury trial

The parties have already had a jury trial in the Circuit Court for Chambers County while claimants in bankruptcy proceedings do not have a right to a trial by jury. As this civil action comes before this Court on postjudgment proceedings, wherein the Willifords are attempting to overturn a jury verdict, the lack of a right to a jury trial on a claim in bankruptcy court is not a factor here.

### M. Nondebtor parties

The presence of non-debtor parties is generally considered to be a favor which weighs in favor of remand. As there are no such parties here, this is not a factor.

N.  Summary

This Adversary Proceeding illustrates the conflict between two strong policy interests. On the one hand, bankruptcy courts have a strong interest in controlling the reorganization/liquidation process.  As claims against debtors in bankruptcy court are squarely within a bankruptcy court's core jurisdiction, bankruptcy courts generally hear and determine all claims against debtors.  On the other hand, the underlying civil action has already been tried to a jury in Chambers County and appealed to the Alabama Supreme Court.  Given the investment of time and resources by the Alabama Courts, the interest of comity between State and Federal Courts would be harmed if remand was denied.  In addition, the interest of judicial economy would also favor remand.  As a final matter, the retention of this Adversary Proceeding would create novel and perhaps complex procedural issues.  As a general rule, judgments of one court preclude other courts from hearing the same claims.[6]  This is true even if a judgment is on appeal. The removal of this civil action under the facts of this case present difficult and unsettled procedural issues, all of which may be avoided by the remand of this Adversary Proceeding to the State Court system.  For these reasons, the Court will, by way of a separate order, remand these proceedings to State Court.

---

[6] Alabama law provides that a judgment is given preclusive effect, even if it is on appeal. Alabama Power v. Thompson, 32 So.2d 795, 800 (1947).  Were this Court to deny the Emertons motion for remand, their next move might be to argue that they have a judgment which is to be given preclusive effect and that further proceedings in this Court would be inappropriate.  The Willifords would argue, on the other hand, that nothing in the plain language of the removal statutes prevents the removal of a civil action which is on remand.  To deny the Willifords further consideration of their due process claims would be to give the Emertons' judgment greater deference here than it would be entitled to in the State Court system, violating the full faith and credit clause of the constitution.  Remand to State Court would avoid this knotty procedural issue.

## VI. RELIEF FROM THE AUTOMATIC STAY

The underlying civil action is a claim for money damages against the Willifords. Upon the filing of this Chapter 11 bankruptcy case, the automatic stay came into existence by operation of law. 11 U.S.C. § 362(a)(1). The question next becomes: what is the effect of the automatic stay upon those proceedings in the State Court system which took place after the date of the petition? The petition was filed on October 3, 2003. The Alabama Supreme Court handed down its decision on March 26, 2004. The Circuit Court entered its order on remand on May 7, 2004. While § 362 is silent on the question, controlling authority in this circuit provides that actions taken in violation of the automatic stay are void. Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306 (11th Cir. 1982).

Section 362(d) provides that a bankruptcy court may grant relief by terminating, modifying or annulling the automatic stay. By annulling the automatic stay, this Court may retroactively grant relief from the automatic stay, thereby validating those proceedings which have taken place in State Court since the date of the petition. This Court will grant relief from the automatic stay to the extent that the Alabama State Court system may take all actions necessary to complete its review of the judgment in the civil action. This modification will include any proceedings on remand and any necessary hearings. This modification does not go so far as to permit the collection of the money judgment or the imposition, attachment or perfection of a judgment lien. Once the claim of the Emertons is liquidated in the State Courts, the Willifords may proceed with their Chapter 11 reorganization.

## VII. CONCLUSION

For the reasons set forth above, this Court will grant the Emertons' motion to remand and their motion for relief from the automatic stay. The Court will enter separate orders.

Done this 26th day of August, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Charles G. Reynolds Jr., Attorney for Plaintiffs
 Von G. Memory, Attorney for Defendants